### STATE v WILLIAMS

Ohio Appeals, 2nd Dist, Montgomery Co

No 1190. Decided May 22, 1933

James A. Burkhardt, Dayton, for plaintiff in error.

Gates C. Oblinger, Dayton, for defendant in error.

HORNBECK, PJ.

It is the contention of plaintiff in error, first, that if the amended affidavit is invalid there yet remains a proper charge in the original affidavit, and second, that under the liberal provisions of our code, §§13437-4 and 13437-28 GC the amended affidavit was sufficient to put the defendant on notice of the charge against him and that it states an offense. On the first proposition it is evident from a consideration of the proceedings and the affidavit, that there was a complete abandonment of the first affidavit. It was quashed upon motion and in lieu thereof a new affidavit, complete in every particular save the signature of affiant, was substituted. This was the instrument upon which the defendant went to trial. A demurrer was interposed to it in its entirety and the court passed upon it; so that we cannot consider the original affidavit as being effective for any purpose on and after the entry sustaining the motion to quash was spread upon the record, to which action plaintiff in error took no exception.

Coming to the second proposition we find it difficult to discuss the legal question involved because it requires a demonstration of the obvious. It is basic that a charge of a criminal offense must be grounded upon some form of presentment recognized at law. One method of charging an individual with crime is by an affidavit. An affidavit is meaningless and without legal effect if it is not authenticated by the signature of the individual who makes the statements in the affidavit. A part of the jurat is that the instrument was sworn to and subscribed before the officer taking the oath of the affiant. Without such subscription there is no basis whatever of a charge of crime against the defendant. The curative provisions of §§13437-4 and 13437-28 GC are directed to an affidavit, indictment or information after it takes on the status of such instruments. The designated amended affidavit in this case never attained the dignity of an affidavit. It was at all times a void and ineffective instrument. Clearly it stated no offense because it had no sponsor in proper form and to undertake to read the language set forth in the amended affidavit and to test it would be without effect because it is not the subscribed statement of the affiant.

We recognize that the difficulty with which the plaintiff in error is confronted probably arose by inadvertence, oversight and carelessness of some person and in one view of the matter it does seem unfortunate that all the time and effort which has been expended upon the consideration of this case should go for naught but it is necessary that criminal prosecutions be grounded upon certain well-defined legal requisites. The demurrer in this case reached the invalidity of the amended affidavit and the Common Pleas Court was correct in reversing the judgment of the Municipal Court.

Judgment will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.